IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLANDs

MACK M. ROBINSON,

    Petitioner,

v.                                                 Civil Action No.: PJM-21-1730

WARDEN WILLIAM BOHRER, and
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,

    Respondents.

## MEMORANDUM OPINION

Mack M. Robinson, who pleaded guilty in state court to first degree burglary, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Warden William Bohrer and the Attorney General of the State of Maryland. ECF Nos. 1, 3. Respondents assert that the Petition should be dismissed because the claims are procedurally defaulted or non-cognizable in a habeas proceeding. ECF No. 12. Alternatively, Respondents contend the claims lack merit. *Id.* The Court ordered Robinson to file a response to Respondents' procedural arguments, which he submitted on December 19, 2022. ECF No. 24.

After review of the pleadings filed, the Court deems a hearing on Robinson's claims unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition will be **DENIED**, and a Certificate of Appealability **SHALL NOT** issue.

## BACKGROUND

In 2017, Robinson was charged in the Circuit Court for Montgomery County with first degree burglary, ECF No. 12-1 at 5-6, and on March 5, 2018, he pleaded guilty. ECF No. 12-2. At

the time of the plea hearing, the State erroneously advised the trial judge (who would become the sentencing judge)[1] that the sentencing guideline range was two to eight years, whereas the correct range was seven to fifteen years. ECF No. 12-1 at 4 and 11. The State also advised the trial judge that the State had agreed to permit Robinson to plead guilty with no agreed-upon sentence and would defer sentencing for a period of time so that he could make restitution to the victim, anticipated to be in the range of $15,000-$20,000. *Id.* at 4-7. Sentencing occurred on March 19, 2019. ECF No. 12-3. Robinson indicated at the time that he was only able to produce $1,500 in restitution. *Id.* at 4-5. The State argued that his sentence should fall at the top of the guideline range of two to eight years (*Id.* at 7, 16) because the victim was handicapped, the victim's life savings (which the victim had inherited and intended to use for the rest of his life expenses) had been stolen, and the victim apparently faced foreclosure proceedings on his home following Robinson's burglary. *Id.* at 1-10, 15-16, 19. The court sentenced Robinson to twenty years' incarceration, with all but sixteen years suspended. ECF 12-3 at 20. The court made no reference to the guideline range when imposing the sentence. ECF No. 12-1 at 11.

On April 19, 2019, Robinson filed an application for review of his sentence by a panel of trial judges.[2] ECF No. 12-1 at 12-15. The three-judge panel hearing was held on July 19, 2019. ECF No. 12-4. Counsel for Robinson argued before the panel that the impending foreclosure of the victim's home was given an inordinate amount of weight at sentencing because the foreclosure was never initiated and never occurred. *Id.* at 12-14. Robinson's counsel also argued that it was

---

[1] This case involved a sentencing judge, a three-judge review panel, and a post-conviction judge. Robison appears to have been represented by counsel—perhaps the same individual, perhaps more than one—in his arguments before all three courts. His *pro se* post-conviction arguments appear to fault counsel before all three courts as being ineffective.
[2] In Maryland, following an adverse final ruling by the trial court, a party may file what is known as an "in banc appeal" before three trial judges other than the trial judge who ruled against the party. This so-called "poor-man's appeal" is available in both civil and criminal proceedings. Md. Const. Art. IV, § 22; Maryland Rules 2-551 and 4-352. Following his conviction and sentence in the trial court, Robinson apparently availed himself of review by such a three-judge panel.

2

understood as part of his plea that if Robinson did not pay restitution, he would still receive a sentence of between two and eight years. *Id.* at 17. The State asked for eight years' incarceration while the defense believed that Robinson would receive a sentence between two and eight years. *Id.* Robinson's counsel told the three-judge panel that the first time he saw the guidelines indicating the seven-to-fifteen-year range was when he received it in the mail two weeks <u>after</u> sentencing. *Id.* Counsel said Robinson did not move to withdraw the plea because the State did not seek a higher sentence based on the guidelines and because the sentencing judge did not state that he used the higher sentencing guidelines in arriving at the sentence. *Id.* at 19.

The State emphasized the financial impact of the crime on the victim, who was handicapped. *Id.* at 21-22. The State also argued that it believed that Robinson was concealing money from the burglary that he could have used to make restitution. *Id.* at 26-27. The State acknowledged that it had erroneously told the judge at the time of the plea that the guideline range was two to eight years. *Id.* at 29-30. But the State did argue that the sentence should be a "significant DOC sentence," which would be punishment-based because Robinson had shown that he is not capable of restitution. *Id.* at 30-32.

The three-judge panel considered the fact that the State and defense believed the guideline range to be two to eight years, Robinson's lengthy criminal history, and the victim impact statement. *Id.* at 35-36. While the panel concluded that the sentencing judge had erred with respect to the guideline calculation for Robinson's sentence, it nonetheless sentenced Robinson to twenty years' imprisonment under the proper guideline calculation, all but ten years (as opposed to sixteen years) suspended. *Id.* at 35-76.

Following the decision of the in banc panel, Robinson filed a petition for post-conviction relief, presumably before a state trial judge other than the sentencing judge, on May 27, 2020. ECF

3

No. 12-1 at 19-24. He alleged the sentencing judge had erred by breaching the plea agreement. He also alleged his trial counsel was ineffective for:

1. Failing to demand a bill of particulars. *Id.* at 20.

2. Failing to investigate the facts of the crime. *Id.*

3. Failing to take appropriate action when the judge breached the plea agreement. *Id.*

4. Failing to object or withdraw the plea when the incorrect guideline range was used. *Id.*

5. Filing an omnibus motion to postpone without advising him, waiving his appearance at the hearing, and using stand-in counsel. *Id.* 21.

The post-conviction court held a hearing on December 11, 2020 (ECF No. 12-5) and issued an Order on February 4, 2021, denying all of Robinson's claims. ECF No. 12-1 at 30-38. The post-conviction court described the facts of the offense as follows:

> On May 25, 2017, Montgomery County Police responded for a report of a burglary where items including a safe were taken from a victim's home. The victim had left his home for a doctor's appointment at about 10:15 a.m. All the doors and windows were closed at the time of his departure. When the victim returned home at about, 1:15p.m., the three hundred pound safe from his bedroom closet was gone and there were drag marks on the hardwood floors from the bedroom leading towards the front door. The total amount of money in the safe reported by the victim was $80,000. The victim is disabled and had inherited the money which was kept in the safe. He was in the habit of setting aside certain amounts of cash in the safe for different months, so stacks of cash in the safe had rubber bands around them labeled with different months.
>
> The victim indicated to law enforcement that he was disabled and rarely left his home. He also indicated that [Robinson] specifically knew the victim would be gone during those hours. [Robinson] had previously done handy work for the victim and observed the victim go into his bedroom where the safe was located to pay for the work, always in cash. Upon investigation, $34,600 in cash was found in a vehicle that [Robinson] had been driving, but did not own, at the time of the incident. That cash, was in rubber bands and labeled by month just as the victim kept his case in the safe.
>
> [Robinson] was incarcerated prior to his arrest in the instant case but post-burglary, and law enforcement heard [Robinson] make incriminating statements over the phone regarding this burglary. On June 13, 2017, [Robinson] was arrested and on

June 6, 2017, he was indicted for Count #1 burglary in the first degree. *Id.* at 30-31.

On March 5, 2021, Robinson filed an application for leave to appeal to Maryland Court of Special Appeals, now known as the Appellate Court of Maryland. ECF No. 12-1 at 39-41. The application referenced Robinson's post-conviction petition but did not set forth the federal nature of any of his claims. Robinson merely asked the Appellate Court of Maryland to consider his entire conviction and sentence because, he submitted, the opinion of the post-conviction court was neither signed nor dated. *Id.* at 40. On May 21, 2021, the Appellate Court of Maryland summarily denied Robinson's application for leave to appeal. *Id.* at 42-43.

On August 3, 2021, Robinson filed the present petition for habeas corpus relief in this Court. ECF No. 1. He alleges here that:

(1) the sentencing court denied him due process of law by breaching the plea agreement,

(2) ineffective assistance of counsel for failing to demand a bill of particulars,

(3) ineffective assistance of counsel for failing to investigate the facts of the crime,

(4) ineffective assistance of counsel for failing to take appropriate action when the judge breached the plea agreement,

(5) ineffective assistance of counsel for failing to object when the three-judge panel used the incorrect guidelines,

(6) ineffective assistance of counsel for filing an omnibus motion to postpone without advising him, waiving his appearance at the hearing, and using stand-in counsel,

(7) ineffective assistance of counsel for failing to advise him of lesser included offenses, and,

(8) the post-conviction proceedings denied him due process of law.

ECF Nos. 1, 3. Respondents contend that all of Robinson's claims are procedurally defaulted or non-cognizable in habeas review. The Court agrees.

## PROCEDURAL DEFAULT

Procedural default in habeas proceedings occurs when the petitioner has failed to present his claim to the highest state court with jurisdiction to hear it, and the state courts would now find that the petitioner cannot assert that claim. *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A procedural default may also occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999); *see also Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015) ("When a petitioner fails to comply with state procedural rules and a state court dismisses a claim on those grounds, the claim is procedurally defaulted."). As the United States Court of Appeals for the Fourth Circuit has explained, "if a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).

For a person convicted of a criminal offense in Maryland, exhaustion of a claim may be accomplished either by direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Appellate Court of Maryland and then to the Supreme Court of Maryland (formerly known as the Court of Appeals of Maryland) by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301. To exhaust a claim through post-conviction proceedings, a defendant, within 10 years of the date of sentencing, must assert the claim in a petition filed in the Circuit Court where the defendant was convicted. *See* Md. Code Ann., Crim. Proc. §§ 7-101–7-103. Following a decision on a post-conviction petition, further review is available through an

6

application for leave to appeal filed with the Appellate Court of Maryland. *Id.* § 7-109. If the Appellate Court of Maryland denies the application, no further review is available, and the claim is deemed exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

As indicated, a procedural default occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). Maryland law does not permit a second and successive state petition for post-conviction relief. *See* Md. Code Ann., Crim. Proc. § 7-103(a).

In his application for leave to appeal the denial of his post-conviction petition, Robinson made two contentions, neither of which were based on federal law. ECF No. 12-1 at 39-41. First, he argued that the post-conviction court erred because it did not consider his claim that the trial judge failed to follow the requirements of Maryland Rule 4-243 with respect to plea agreements. Specifically, Robinson pointed to the section of Rule 4-243 that sets forth the procedure for permitting a defendant to withdraw a plea when there is a fixed sentence that is rejected by the court. Robinson cited only to state law and a single federal case that discussed the requirements of Maryland post-conviction procedure. *See Thomas v. Corcoran*, 40 F. Supp. 2d 691, 695–96 (D. Md. 1998), *aff'd in part, dismissed in part*, 173 F.3d 425 (4th Cir. 1999) ("[U]nder Maryland law, post conviction courts are required to make express findings and conclusions as to all contentions raised in a petition for post conviction relief.") Second, Robinson argued that the post-conviction court failed to sign and date its opinion.

A habeas petitioner meets the exhaustion requirement by "'fairly present[ing]' his claim in each appropriate state court ..., thereby alerting that court to the federal nature of the claim."

7

*Baldwin v. Reese,* 541 U.S. 27, 29 (2004), (quoting *Duncan v. Henry,* 513 U.S. 364, 365, (1995)). To satisfy his burden, the petitioner must show that "both the operative facts and the controlling legal principles [were] presented to the state court." *Jones v. Sussex I State Prison,* 591 F.3d 707, 713 (4th Cir. 2010) (alteration omitted) (quoting *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir.2000)). Here, Robinson failed to put the Appellate Court of Maryland on notice of the federal nature of any of his claims. His failure to fairly present his claims to the Appellate Court of Maryland in an application for leave to appeal rendered his entire petition procedurally defaulted. *See Pevia v. Bishop,* Civil. No. ELH-16-1223, 2019 WL 3412649, at *13 (D. Md. July 26, 2019) ("The unexhausted claims are procedurally defaulted, as [Petitioner] failed to present them in his application for leave to appeal and the state courts would now find that he cannot assert those claims.")

Robinson's Grounds Six and Seven in this Court are procedurally defaulted for an additional reason. The record reflects that he withdrew his claims that his trial counsel was ineffective for failing to advise him that he filed an omnibus motion to postpone, for waiving his presence at the hearing, using stand-in counsel, and for failing to advise him of the lesser included offenses. ECF No. 12-5 at 7-8. Because Robinson withdrew these claims, he necessarily failed to exhaust his state remedies. *See Williams v. Steiner,* 213 F. Supp. 600, 602 (D. Md. 1963) (finding that the petitioner failed to exhaust state remedies because he "did not raise the question in his post-conviction proceeding").

Ground Eight, Robinson's allegation that his post-conviction proceedings deprived him of due process, is also procedurally defaulted because it was never presented to the state courts. Since Maryland law permits only one state petition for post-conviction relief, Robinson may no longer pursue Ground Eight in state court. *See* Md. Code Ann., Crim. Proc. § 7-103(a). Accordingly, this

claim is procedurally defaulted.[3] *See Breard*, 134 F.3d at 619.

If a procedural default has occurred, a federal court is not authorized to address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that the failure to consider the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Murray*, 477 U.S. at 494. Under the second exception, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). Such cases are generally limited to those in which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Neither exception to the procedural default bar applies here. Robinson filed a reply to the Respondents' opposition stating, "[t]he petitioner stands firm on all of his habeas corpus claims and respectfully requests that this Honorable Court issue its Memorandum and Order without further delay." ECF No. 24. This reply provides this Court with no cognizable excuse for his

---

[3] Ground Eight is also non-cognizable in a federal habeas corpus proceeding. Claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief. *Bryant v. State of Md.*, 848 F.2d 492, 493 (4th Cir. 1988).

9

procedural default.

As discussed above, Robinson raised Grounds One, Two, Three, Four, and Five in his post-conviction proceedings. The Court has concluded that these claims are defaulted solely because they were not fairly presented in Robinson's application for leave to appeal to the Appellate Court of Maryland. But, notwithstanding the procedural default, to the extent these claims could arguably be construed to have been included in Robinson's application for leave to appeal to the Maryland Appellate Court, the Court will proceed to address Grounds One through Five on the merits.

## MERITS REVIEW

### A. Standard of Review

A writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall*, 572 U.S. 415, 419-20 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.")).

A federal court may not grant a writ of habeas corpus unless the state courts' adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under § 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 785 (internal quotation marks omitted).

Further, under § 2254(d)(2) "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id.* "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010).

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Buck v. Davis*,

11

137 S.Ct. 759, 775 (2017). To mount a successful challenge based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in *Strickland*, 466 U.S. at 687-88. *See Williams*, 529 U.S. at 390. First, the petitioner must show that counsel's performance was deficient. Second, the petitioner must show that he was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687; *see Buck*, 137 S. Ct. at 775.

With regard to the first prong, the petitioner must demonstrate that his attorney's performance fell "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *see Harrington*, 562 U.S. at 104. The central question is whether "an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 88 (quoting *Strickland*, 466 U.S. at 690). The Supreme Court recently reiterated that the "first prong sets a high bar." *Buck*, 137 S. Ct. at 775. Notably, a "lawyer has discharged his constitutional responsibility so long as his decisions fall within the 'wide range of professionally competent assistance.'" *Id.* (citation omitted). The standard for assessing such competence is "highly deferential" and has a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 669. Judicial scrutiny of counsel's performance must be "'highly deferential'" and not based on hindsight. *Stokes v. Stirling*, 10 F.4th 236, 246 (4th Cir. 2021) (citing *Strickland*, 466 U.S. at 689).

Second, the petitioner must show that his attorney's deficient performance "prejudiced [his] defense." *Id.* at 687. To satisfy the "prejudice prong," a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Buck*, 137 S. Ct. at 776. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. *Strickland*,

466 U.S. at 687. A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id.* at 696. Thus, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. A petitioner is not entitled to post-conviction relief based on prejudice where the record establishes that it is "not reasonably likely that [the alleged error] would have made any difference in light of all the other evidence of guilt." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

In evaluating whether the petitioner has satisfied the two-pronged test set forth in *Strickland*, a court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. Nor must a court address both components if one is dispositive. *Jones v. Clarke*, 783 F.3d 987, 991 (4th Cir. 2015). This is because failure to satisfy either prong is fatal to a petitioner's claim. As a result, "there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

## ANALYSIS

### A. Ground One

In Ground One, Robinson contends that the trial court denied him due process of law when it breached the plea agreement. The post-conviction court dismissed the claim, finding that the plea agreement reached between the State and Robinson did not have a fixed sentence and it was not a breach of the plea agreement for the judge to impose a sentence of twenty years, all but sixteen years suspended. ECF No. 12-1 at 33-34. The post-conviction court also found that the

sentence was not illegal because the sentencing judge had discretion to sentence Robinson above, within, or below the sentencing guidelines. *Id.* As noted by the post-conviction court, during the plea hearing, Robinson specifically acknowledged that he understood that the plea included no agreement as to the sentence and that the sentencing judge could sentence him up to twenty years in prison. ECF No. 12-2 at 8.

Preliminarily, of course, it cannot be said that the sentencing judge breached the plea agreement because the sentencing judge was not a party to the agreement. *See Chilton v. Murray*, 7 F.3d 222, n.2 (4th Cir. 1993). In any event, as concluded by the post-conviction court, the record supports the post-conviction court's factual conclusion that a fixed sentence was never part of the agreement between the prosecution and the defense. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.") Because the plea agreement did not include the promise of any particular sentence, Robinson is not entitled to relief on the theory that the plea was breached because he did not receive an agreed-to sentence.

Robinson argued to the Appellate Court of Maryland that the post-conviction court failed to address his claim regarding the trial judge's failure to comply with Maryland Rule 4-243 because he was not permitted to withdraw his guilty plea. As a purely state law matter, however, this claim is not cognizable on federal habeas review. S*ee Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). In any event, the claim would fail because Maryland Rule 4-243 only requires the judge to permit a defendant to withdraw a guilty plea upon rejection of a plea with a fixed sentence.

The post-conviction court's dismissal of Ground One was neither contrary to nor an unreasonable application of federal law. In addition to being procedurally defaulted, Ground Onem is without merit.

### B. Ground Two

In Ground Two, Robinson contends that his trial counsel was ineffective for failing to demand a bill of particulars. Respondents submit that this claim was waived by the guilty plea and is not cognizable in this federal habeas corpus proceeding. ECF No. 12 at 30-31.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea. By showing that [he received deficient advice from counsel].

*Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Because Robinson does not contend that the bill of particulars had any bearing on the voluntariness of his plea, an unsupportable argument even if made, *Tollet* precludes the claim even if it were not procedurally defaulted.

### C. Ground Three

In Ground Three, Robinson contends that his trial counsel was ineffective for failing to investigate the facts of the case. During his post-conviction proceedings, Robinson argued that his trial counsel should have investigated other potential co-defendants. The post-conviction court found that counsel was not ineffective because the facts underlying Robinson's guilty plea necessarily implicated more than one perpetrator, and any evidence as to co-defendants would not have exonerated him. ECF No. 12-1 at 37.

In the context of plea proceedings, the *Strickland* performance standard remains the same,

15

but as to the prejudice prong the Supreme Court has held that, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court emphasized that this inquiry should be conducted "objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id.* at 60 (quoting *Strickland*, 466 U.S. at 695). Thus, a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356 (2010).

Considering the ample evidence of his involvement in the burglary, Robinson cannot demonstrate that it would have been objectively reasonable for him to reject the plea agreement and proceed to trial based on the potential that his counsel's investigation might have uncovered details regarding the involvement of others. Robinson has failed to establish that the post-conviction court unreasonably applied *Strickland* to the facts of his case. Even if Ground Three had not been procedurally defaulted, it is without merit.

### D. Ground Four

In Ground Four, Robinson contends that his trial counsel was ineffective for failing to take appropriate action when the sentencing judge breached the plea agreement. More to the point, the post-conviction court found that counsel was not deficient because the plea agreement never included a fixed sentence, so the sentence imposed did not in any way breach the agreement. ECF No. 12-1 at 35. Accordingly, the post-conviction court's dismissal of Ground Four was neither contrary to nor an unreasonable application of *Strickland*.

As discussed in Ground Four, *supra*, Robinson argued that his claim regarding Maryland Rule 4-243 was not addressed by the post-conviction court. To the extent Robinson claims that his counsel was ineffective for failing to object based on that rule, the claim lacks merit. Robinson's

counsel was not deficient because, as noted, Maryland Rule 4-243 only requires the sentencing judge to permit the defendant to withdraw a rejected plea if it included a fixed sentence.

In addition to being procedurally defaulted, Ground Four is without merit.

### E. Ground Five

In Ground Five, Robinson contends that his counsel, presumably before the post-conviction court, was ineffective for failing to object when the three-judge panel used the incorrect sentencing guidelines.[4] The three-judge panel concluded that the parties believed that the sentencing guidelines were two to eight years when they were, in fact, seven to fifteen years. The panel resentenced Robinson to twenty years, with all but ten years suspended, which was six years less than the term of incarceration that had been imposed by the sentencing judge. The post-conviction court noted that the ultimate sentence imposed by the three-judge panel was within the correct guideline range of seven to fifteen years, the sentence was within the three-judge panel's discretion, and Robinson's counsel had no legitimate basis to object to its decision. ECF No. 12-1 at 37-38.

Maryland trial judges are not bound by Maryland's sentencing guidelines when imposing sentences in criminal cases. *See Saenz v. State,* 95 Md. App. 238, 252 ("A sentence outside the guidelines is not indicative that the guidelines were not considered but only that they were rejected. A rejection of guidelines is contemplated by the guidelines themselves"); *Timney v. State,* 80 Md. App. 356, 368–69, 563 (1989) (no error for judge to sentence above the guidelines). Sentencing

---

[4] The post-conviction court characterized Robinson's claim as faulting his attorney for not objecting during the three-judge panel proceeding. Robinson's allegation in Ground Five is ambiguous as to which proceeding he is referring when he takes counsel to task for "[f]ailing to object to the state's alteration of the 2 to 8 guidelines that had induced the plea agreement and conditional plea as upward to 7 to 15. Defense counsel omitted seeking withdraw of the plea. Defense counsel admitted to the Three Judge Panel that 'I would have talked to Mr. Robinson about withdrawing the plea. I don't know what I would have done.'" ECF No. 3-4 at 2. To the extent Robinson contends his counsel was ineffective for failing to object that he be permitted to withdraw his plea when the sentencing judge imposed a sentence other than two to eight years, that claim is addressed in Ground Four. Any contention by Robinson that his counsel was ineffective in front of the three-judge panel is addressed in Ground Five.

17

guidelines in Maryland are not mandatory, and any deviation from them is not a basis for vacating the sentence or requiring a new sentencing hearing. *Teasley v. State,* 298 Md. 364, 370 (1984); *accord Jennings,* 339 Md. at 680 n. 1, 664 A.2d 903 (citation omitted); *Saenz,* 95 Md. App. at 251, 620 A.2d 401.

Accordingly, the post-conviction court's conclusion that Robinson's counsel had no grounds on which to object was neither contrary to nor an unreasonable application of *Strickland.* Even if it had not been procedurally defaulted, Ground Five is without merit.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard if he can demonstrate that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard for appeal by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Robinson has not made the requisite showings. Accordingly, the Court declines to issue a certificate of appealability. Robinson may still request that the United States

Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Robinson's Petition for Writ of Habeas Corpus and **DECLINES** to issue a Certificate of Appealability. A separate Order follows.

September 28, 2023

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE